## Balaban v. Howard

*Jos. W. Ray, Jr.,* and *Dean D. Sturgis,* for petitioners.

*Adolph L. Zeman* and *Higbee, Lewellyn & Higbee,* contra.

CARR, P. J., June 3, 1947.—In this action of ejectment plaintiffs' vendors, from one of whom defendant in possession claims title and right of possession by virtue of an alleged oral exchange, have applied for leave to intervene in aid of plaintiffs' case. In their petition they aver that they sold and conveyed the property to plaintiffs by deed of general warranty pursuant to a contract in writing by the terms of which the purchase money was pledged as security for their covenant of title.

The property in suit is a country estate of approximately 24 acres of land, with a number of substantial buildings thereon, in the village of Hopwood, two miles east of Uniontown, known locally as "Martha's

Place". It appears that on August 30, 1946, petitioners, Martha B. Barnes, the common source of title claimed by plaintiffs and defendant in possession, and William A. McHugh, Jr., to whom she had on August 3, 1942, conveyed the legal title upon certain trusts for her own benefit, sold it to Stephen E. Balaban and Olive R. Balaban, plaintiffs, for $45,000, and delivered to them a deed of general warranty now of record. At that time, however, defendants Estella Barnes Howard, a daughter of Mrs. Barnes, and Mrs. Howard's son James Ross Barnes Howard, who has filed a formal disclaimer, were in possession of the property, refusing to remove therefrom, and for that reason petitioners entered into an agreement with plaintiffs providing that the latter should institute an action of ejectment, and that the purchase money should be deposited in escrow, to be returned to plaintiffs upon a reconveyance in the event that they did not succeed.

The action was instituted on December 23, 1946, and on January 20, 1947, defendant Estella Barnes Howard filed an answer in which she averred that on July 14, 1930, her mother had orally conveyed to her a certain 12 acres of land, with the mansion house thereon, in exchange for premises then owned by her on Main Street in the City of Uniontown known as lot no. 17 in the general plan of said city, which she had then orally conveyed to her mother, and that she had immediately entered into possession of the property so conveyed to her by her mother, and has since remained in exclusive, open, and complete possession thereof. Defendant did not state in what manner she had acquired title to lot no. 17 so as to be in a position to convey it to her mother, but plaintiffs did not move for a more specific pleading, as they were entitled to do, contenting themselves instead with filing a reply in which, upon information received from the petitioners, they denied that Mrs. Barnes had ever conveyed any

part of the property in suit to said defendant, orally or otherwise, or ever exchanged it with her for any other property, and also denied that defendant ever owned lot no. 17, averring to the contrary that Mrs. Barnes had owned it on July 14, 1930, and for 30 years immediately preceding, and on that date had conveyed it by deed to other parties. The pleadings having thus been completed, plaintiffs moved for judgment on the ground that defendant had not pleaded facts sufficient to take the case out of the operation of the statute of frauds; but for reasons that are fully stated in our opinion filed on February 25, 1947, we were obliged to overrule the motion. Thereupon petitioners made their application for leave to intervene.

Defendant contends that petitioners are not within the provisions of Pa. R. C. P. Rule 2327, governing intervention, and that the obvious purpose of the application is to require defendant to replead her case so as to lay the basis for another motion for judgment on the pleadings. It seems evident to us, however, not only that petitioners have an interest in the outcome of the litigation that is real and substantial, but that they may well be the only parties whose interest is sufficiently substantial and certain to assure its adequate representation. Under Clause (1) of Rule 2327 of the Rules of Civil Procedure, intervention may be allowed if the entry of judgment in the action will subject petitioner to a duty to indemnify the party against whom the judgment is entered, and in our opinion it would be inconsistent with the purpose of the rule to refuse to permit petitioners to come in and defend their title to the valuable property here involved: See Goodrich-Amram, §2327-4. Defendant will, it is true, be required to answer intervenors and perhaps to plead more specifically the facts upon which she relies to substantiate her case, but she cannot justly complain of that; an action at law is not a game of blind man's buff.